IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CBT FLINT PARTNERS, LLC,

        Plaintiff,

v.

GOODMAIL SYSTEMS, INC.,

        Defendant.

CIVIL ACTION
NO. 1:07-cv-3124-TWT

## GOODMAIL SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Goodmail Systems, Inc. ("Goodmail"), by and through its undersigned counsel, answers the Complaint ("Complaint") of plaintiff CBT Flint Partners, LLC ("CBT"), as follows:

### NATURE AND BASIS OF ACTION

1.    Goodmail admits that CBT purports to assert claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. Goodmail admits that CBT purports to seek money damages and permanent injunctive relief against Goodmail.

### PARTIES

2.    Goodmail admits that CBT purports to be a limited liability company

with its principal place of business at 186 Hurt Drive, Cordele, Georgia 31015. Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 2 of the Complaint and therefore denies them.

3.      Goodmail admits it is a Delaware corporation with its principal place of business at 2465 Latham Street, Second Floor, Mountain View, California 94040-1419.

4.      Paragraph 4 of the Complaint purports to aver facts regarding named defendant Return Path, Inc. ("Return Path") to which no response by Goodmail is required. To the extent paragraph 4 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

5.      Paragraph 5 of the Complaint purports to aver facts regarding named defendant Cisco IronPort Systems LLC ("IronPort") to which no response by Goodmail is required. To the extent paragraph 5 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

6.      Paragraph 6 of the Complaint purports to aver facts regarding named defendant IronPort to which no response by Goodmail is required.  To the extent paragraph 6 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## JURISDICTION AND VENUE

7.      Goodmail admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338.

8.      Goodmail does not contest venue in this Court.  Goodmail denies the remaining averments of paragraph 8 of the Complaint.

9.      Goodmail avers that it has no offices or personnel in this judicial district.  Except as expressly averred, Goodmail denies the remaining averments of paragraph 9 of the Complaint.

10.    Paragraph 10 of the Complaint purports to aver facts regarding named defendant Return Path to which no response by Goodmail is required.  To the extent paragraph 10 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

11.    Paragraph 11 of the Complaint purports to aver facts regarding named defendant IronPort to which no response by Goodmail is required.  To the extent paragraph 11 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## FACTUAL BACKGROUND

## U.S.  Patent No. 6,192,114

12.    Goodmail admits that Exhibit A of the Complaint purports to be a copy of United States Patent No. 6,192,114 (the "'114 Patent").  Goodmail admits that, on its face, Exhibit A bears an issue date of February 20, 2001, is titled "Method And Apparatus For Billing A Fee To A Party Initiating An Electronic Mail Communication When The Party Is Not On An Authorization List Associated With The Party To Whom The Communication Is Directed," and lists Michael O. Council as the inventor.  Goodmail denies that the '114 Patent was duly and lawfully issued.

13.    Paragraph 13 of the Complaint purports to state legal conclusions and Goodmail therefore denies them.

14.    Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 14 of the Complaint and

therefore denies them.

15.    Goodmail admits that the '114 Patent purports to contain 14 claims. Goodmail lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in paragraph 15 of the Complaint and therefore denies them.

16.    Paragraph 16 of the Complaint purports to state legal conclusions and Goodmail therefore denies them.

## U.S. Patent No. 6,587,550

17.    Goodmail admits that Exhibit B of the Complaint purports to be a copy of United States Patent No. 6,587,550 (the "'550 Patent").  Goodmail admits that, on its face, Exhibit B bears an issue date of July 1, 2003, is titled "Method And Apparatus For Enabling A Fee To Be Charged To A Party Initiating An Electronic Mail Communication When The Party Is not On An Authorization List Associated With The Party To Whom The Communication Is Directed," and lists Michael O. Council and Daniel J. Santos as the inventors.  Goodmail denies that the '550 Patent was duly and lawfully issued.

18.    Paragraph 18 of the Complaint purports to state legal conclusions and Goodmail therefore denies them.

19.    Goodmail lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the averments of paragraph 15 of the Complaint and therefore denies them.

20.   Goodmail admits that the '550 Patent purports to contain 14 claims. Goodmail lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in paragraph 20 of the Complaint and therefore denies them.

21.   Paragraph 21 of the Complaint purports to state legal conclusions and Goodmail therefore denies them.

## DEFENDANTS' CONDUCT

22.   Goodmail admits that it offers to sell and/or sells e-mail certification services within the United States.  Goodmail denies the remaining averments of paragraph 22 of the Complaint.

23.   Paragraph 23 of the Complaint purports to aver facts regarding named defendant Return Path to which no response by Goodmail is required.  To the extent paragraph 23 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

24.   Paragraph 24 of the Complaint purports to aver facts regarding named

defendant IronPort to which no response by Goodmail is required. To the extent paragraph 24 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

### COUNT ONE

25. Goodmail repeats and incorporates its response to the averments in paragraph 25 of the Complaint as set forth in paragraphs 1 through 24 above.

26. Goodmail denies the averments of paragraph 26 of the Complaint.

27. Goodmail denies the averments of paragraph 27 of the Complaint.

28. Goodmail denies the averments of paragraph 28 of the Complaint.

29. Goodmail denies the averments contained in paragraph 29 of the Complaint.

30. Goodmail denies the averments of paragraph 30 of the Complaint.

31. Goodmail denies the averments of paragraph 31 of the Complaint.

### COUNT TWO

32. Goodmail repeats and incorporates its response to the averments in paragraph 32 of the Complaint as set forth in paragraphs 1 through 31 above.

33. Paragraph 33 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required. To the

extent paragraph 33 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

34.   Paragraph 34 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 34 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

35.   Paragraph 35 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 35 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

36.   Paragraph 36 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 36 of the Complaint makes averments, a response to which is

required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

37.     Paragraph 37 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 37 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

38.     Paragraph 38 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 38 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## COUNT THREE

39.     Goodmail repeats and incorporates its response to the averments in paragraph 39 of the Complaint as set forth in paragraphs 1 through 38 above.

40.     Paragraph 40 of the Complaint purports to aver facts regarding named

defendant IronPort for which no response by Goodmail is required. To the extent paragraph 40 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

41. Paragraph 41 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 41 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

42. Paragraph 42 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 42 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

43. Paragraph 43 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 43 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

44.    Paragraph 44 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 44 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

45.    Paragraph 45 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 45 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

46.    Paragraph 46 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 46 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

47.    Paragraph 47 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 47 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief

as to the truth or falsity of any such averments and therefore denies them.

## COUNT FOUR

48.   Goodmail repeats and incorporates its response to the averments in paragraph 48 of the Complaint as set forth in paragraphs 1 through 47 above.

49.   Goodmail denies the averments of paragraph 49 of the Complaint.

50.   Goodmail denies the averments of paragraph 50 of the Complaint.

51.   Goodmail denies the averments of paragraph 51 of the Complaint.

52.   Goodmail denies the averments of paragraph 52 of the Complaint.

53.   Goodmail denies the averments of paragraph 53 of the Complaint.

54.   Goodmail denies the averments of paragraph 54 of the Complaint.

## COUNT FIVE

55.   Goodmail repeats and incorporates its response to the averments in paragraph 55 of the Complaint as set forth in paragraphs 1 through 54 above.

56.   Paragraph 56 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 56 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

57.   Paragraph 57 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 57 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

58.   Paragraph 58 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 58 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

59.   Paragraph 59 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 59 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

60.   Paragraph 60 of the Complaint purports to aver facts regarding named

defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 60 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

61.   Paragraph 61 of the Complaint purports to aver facts regarding named defendant Return Path for which no response by Goodmail is required.  To the extent paragraph 61 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## COUNT SIX

62.   Goodmail repeats and incorporates its response to the averments in paragraph 62 of the Complaint as set forth in paragraphs 1 through 61 above.

63.   Paragraph 63 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 63 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

64.     Paragraph 64 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 64 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

65.     Paragraph 65 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 65 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

66.     Paragraph 66 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 66 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

67.     Paragraph 67 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required.  To the extent paragraph 67 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief

as to the truth or falsity of any such averments and therefore denies them.

68. Paragraph 68 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 68 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

69. Paragraph 69 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 69 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

70. Paragraph 70 of the Complaint purports to aver facts regarding named defendant IronPort for which no response by Goodmail is required. To the extent paragraph 70 of the Complaint makes averments, a response to which is required by Goodmail, Goodmail lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## REQUESTED RELIEF BY PLAINTIFF

71. Goodmail denies that CBT is entitled to the relief requested or to any relief whatsoever. Goodmail denies any averment not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint not otherwise admitted, for its defenses to the Complaint, Goodmail avers as follows:

### **FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

72.   Goodmail has not infringed, and currently does not infringe, directly, indirectly, willfully or in any other way, any claim of the '114 Patent or the '550 Patent.

### **SECOND AFFIRMATIVE DEFENSE - INVALIDITY**

73.   The '114 Patent and the '550 Patent are invalid for failure to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged inventions lack patentable subject matter; were used or known by others in this country or were patented or described in a publication before the date of the alleged invention; or were patented or described in a publication or were in public use or on sale for more than one year before the date of the patent applications; or were not invented by the named inventors; or were invented by another prior to the date of the alleged invention; or were obvious in view of the prior art; or are indefinite; or do not contain a proper written description; or do not disclose the best mode of the

invention.

### THIRD AFFIRMATIVE DEFENSE – LACHES

74.   CBT's claims are barred under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

75.   CBT is barred from obtaining all, or part, of the relief it seeks under the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

76.   CBT is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

77.   CBT's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or CBT's failure to plead notice thereunder.

### <u>COUNTERCLAIMS</u>

For its counterclaims against CBT, Goodmail avers as follows:

### NATURE OF COUNTERCLAIMS

1.   Goodmail counterclaims against CBT under Federal Rule of Civil Procedure 13 for a declaration of non-infringement and invalidity of the '114 Patent and the '550 Patent.

**PARTIES**

2.     Goodmail is a Delaware corporation with its principal place of business at 2465 Latham Street, Second Floor, Mountain View, California 94040-1419.

3.     Based on the allegations in the Complaint, CBT is a limited liability company with its principal place of business at 186 Hurt Drive, Cordele, Georgia 31015.

**JURISDICTION AND VENUE**

4.     An actual, substantial and immediate controversy exists between Goodmail and CBT by virtue of the averments of CBT's Complaint in this action and Goodmail's Answer as to both the invalidity and non-infringement of the '114 Patent and the '550 Patent.

5.     The counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court also has jurisdiction over the counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

6.     By virtue of initiating suit for patent infringement in this Court, CBT has consented to personal jurisdiction in this Court.

7.     CBT avers in its Complaint that venue is proper in this judicial district

pursuant to 28 U.S.C. §§ 1391 and 1400 and, if so, it is proper for these counterclaims.

<h3 style="text-align:center">FIRST COUNTERCLAIM<br>DECLARATION OF NON-INFRINGEMENT OF THE '114 PATENT</h3>

8.     Goodmail re-alleges and incorporates by reference paragraphs 1 through 7 of the Counterclaims, above.

9.     CBT has charged Goodmail with infringement of U.S. Patent No. 6,192,114.

10.   Goodmail has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '114 Patent under 35 U.S.C. § 271, or in any other manner.

11.   Goodmail seeks, and is entitled to, a declaration from this Court that it has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '114 Patent under 35 U.S.C. § 271, or in any other manner.

<h3 style="text-align:center">SECOND COUNTERCLAIM<br>DECLARATION OF INVALIDITY OF THE '114 PATENT</h3>

12.   Goodmail re-alleges and incorporates by reference paragraphs 1 through 7 of the Counterclaims, above.

13.   CBT has charged Goodmail with infringement of the '114 Patent.

14.    The asserted claims of the '114 Patent are invalid for failure to meet one or more of the conditions for patentability specified under Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventor; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

15.    Goodmail seeks, and is entitled to, a declaration from this Court that the asserted claims of the '114 Patent are invalid.

## THIRD COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT OF THE '550 PATENT

16.    Goodmail re-alleges and incorporates by reference paragraphs 1 through 7 of the Counterclaims, above.

17.    CBT has charged Goodmail with infringement of the '550 Patent.

18.    Goodmail has not infringed, does not infringe, and is not liable for any

infringement of any valid and enforceable claim of the '550 Patent under 35 U.S.C. § 271, or in any other manner.

19.   Goodmail seeks, and is entitled to, a declaration from this Court that it has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '550 Patent under 35 U.S.C. § 271, or in any other manner.

**FOURTH COUNTERCLAIM**
**DECLARATION OF INVALIDITY OF THE '550 PATENT**

20.   Goodmail re-alleges and incorporates by reference paragraphs 1 through 7 of the Counterclaims, above.

21.   CBT has charged Goodmail with infringement of the '550 Patent.

22.   The asserted claims of the '550 Patent are invalid for failure to meet one or more of the conditions for patentability specified under Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of

the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

23.    Goodmail seeks, and is entitled to, a declaration from this Court that the asserted claims of the '550 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Goodmail respectfully prays for entry of judgment with respect to CBT's Complaint and Goodmail's Affirmative Defenses and Counterclaims as follows:

A.    that CBT's Complaint be dismissed with prejudice and that the relief requested by CBT and any relief whatsoever in favor of CBT be denied;

B.    for entry of judgment declaring that the claims of the '114 Patent and the '550 Patent are not infringed by Goodmail and that Goodmail is not liable as an infringer;

C.    for entry of judgment that the asserted claims of the '114 Patent and the '550 Patent are invalid;

D.    that this Court find and declare that the claims of the '114 Patent and the '550 Patent are not infringed by Goodmail and that Goodmail is not liable as an infringer;

E.      that this Court find and declare that the asserted claims of the '114

Patent and the '550 Patent are invalid;

F.      that the case be declared exceptional in favor of Goodmail and that

Goodmail thus be awarded its attorneys fees; and

G.      that Goodmail have such other and further relief as the Court shall

deem just and proper.

## DEMAND FOR JURY TRIAL

Goodmail demands trial by jury on all issues so triable.


Dated:  January 2, 2008                    By:___/s/ Darryl M. Woo_____
                                           Darryl M. Woo (CSB #100513)
                                           Admitted *pro hac vice*
                                           Virginia K. DeMarchi (CSB #168633)
                                           Admitted *pro hac vice*
                                           Candace Morey (CSB #233081)
                                           Admitted *pro hac vice*
                                           FENWICK & WEST LLP
                                           555 California Street, 12th Fl.
                                           San Francisco, CA  94104
                                           Telephone:  (415) 875-2300
                                           Facsimile:  (415) 281-1350
                                           Email:  dwoo@fenwick.com
                                                   vdemarchi@fenwick.com
                                                   cmorey@fenwick.com

Ryan T. Pumpian (Ga. Bar No. 589822)
POWELL GOLDSTEIN LLP
One Atlantic Center, 14th Fl.
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone: (404) 572-6851
Facsimile: (404) 572-6999
Email: rpumpian@pogolaw.com

Attorneys for Defendant
GOODMAIL SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 2, 2008, I electronically filed GOODMAIL SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

Alan Shane Nichols
Anthony Askew
Natasha Horne Moffitt
Shaun Sethna
KING & SPALDING LLP
Attorneys for Plaintiff
CBT FLINT PARTNERS, LLC

/s/ Darryl M. Woo
Darryl M. Woo

Counsel for Defendant
GOODMAIL SYSTEMS, INC.